UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NAKIA MIDDLETON-ASHFORD,                                        Plaintiff,

v.                                          Civil Action No. 3:23-cv-203-DJH-RSE

TRANS UNION, LLC et al.,                                        Defendants.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Nakia Middleton-Ashford sued Defendant TD Bank USA and several other entities, asserting multiple claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.[1] (*See* Docket No. 1)  On August 7, 2024, the Court granted Middleton-Ashford's motion to voluntarily dismiss her claims against TD Bank.  (D.N. 69)  TD Bank subsequently filed a motion for attorney fees (D.N. 72), which the Court referred to U.S. Magistrate Judge Regina S. Edwards for report and recommendation pursuant to 28 U.S.C. § 636(b).  (D.N. 88)  Judge Edwards ultimately recommended that TD Bank's motion be denied.  (*See* D.N. 89)  Now, TD Bank objects to Judge Edwards's Report and Recommendation, arguing that it "suffers from clear errors of fact and of law."  (D.N. 90, PageID.569)  After careful consideration, the Court will overrule TD Bank's objections, adopt Judge Edwards's Report and Recommendation, and deny TD Bank's motion for the reasons set out below.

---

[1] Middleton-Ashford also sued the following entities: Trans Union, LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC; Commonwealth Credit Union, Inc.; Advanz Federal Credit Union, Inc.; Eagle Financial Services, Inc.; and Synchrony Financial.  (*See* D.N. 1) Each of these entities has been dismissed from this action, and none is involved in the present dispute.  (*See* D.N. 24; D.N. 41; D.N. 47; D.N. 67; D.N. 84; D.N. 85; D.N. 87)

## I.    BACKGROUND

The Court takes the following factual summary from Judge Edwards's Report and Recommendation.[2]

Plaintiff's claims against TD Bank relate to a Target-branded credit card account that Plaintiff opened in November 2015.  (*See* DN 1-1, at ¶ 26; DN 73, at ¶ 2-6).  Plaintiff last made payment on the account in April 2017.  (DN 73, at ¶ 7).  The next month, Plaintiff and her husband filed for Chapter 13 bankruptcy.  (*Id.* at ¶ 8; *see In re Ashford*, No. 17-31769-acs (Bankr. W.D. Ky. filed May 30, 2017)).  During those proceedings, TD Bank "charged-off" her account, with a balance of $1,020.87.  (*Id.* at ¶ 9-10).  TD Bank then coded and began reporting the account as a Chapter 13 bankruptcy but, consistent with *The Credit Reporting Resource Guide*, continued reporting the charged-off balance.  (*Id*. at ¶ 12).  Neither Plaintiff nor a bankruptcy trustee made any payments toward the account during the May 2017 bankruptcy proceedings.  (*Id.* at ¶¶ 13-14).  The bankruptcy court dismissed Plaintiff in July 2018 without any debt being discharged.  (*Id.* at ¶ 15).

Plaintiff and her husband again filed for Chapter 13 bankruptcy in February 2019.  (*Id.* at ¶ 16).  TD Bank again coded and began reporting the account as a Chapter 13 bankruptcy with a charged-off balance, and Plaintiff again made no payments toward the account during the bankruptcy.  (*Id.*).  During the bankruptcy, TD Bank received two notices, one from Experian in June 2022, and one from Equifax in October 2022, regarding disputes as to credit reporting of Plaintiff's account.  At the time of those disputes, TD Bank claims it was reporting Plaintiff's bankruptcy using Consumer Information Indicator "D," meaning "Petition for Chapter 13 Bankruptcy."  (*Id.* at ¶ 27-28).  In April of 2023, the Bankruptcy Court entered an order for discharge, at which time, TD Bank says it changed its reporting to Consumer Information Indicator "H," meaning "Discharged/Completed through Bankruptcy Chapter 13."  (*Id.* at ¶ 30).  TD Bank stopped reporting a balance on the account after the discharge order was entered.  (*Id.* at ¶ 33). . . .

Plaintiff initiated this Fair Credit Reporting Act (FCRA) action on April 21, 2023, in Jefferson County Circuit Court against TD Bank and seven other defendants . . . .  (DN 1-1).  As to TD Bank, Plaintiff alleged: "On or about April 20, 2022 and thereafter, Defendant TD Bank furnished false and derogatory information to one or more consumer reporting agencies, including Trans Union and Experian, relating to Plaintiff on an account ending in 5757.  Specifically, TD

---

[2] In its objection, TD Bank states that Judge Edwards's recommendation "accurately states the relevant facts," "with one exception."  (D.N. 90, PageID.571)  Specifically, TD Bank asserts that the recommendation "erroneously relies on a factual assertion by Ms. Middleton-Ashford's attorney, about errors not being corrected until months into the litigation, that is demonstrably false."  (*Id.*)  Accordingly, the Court will rely on the undisputed portions of the recommendation only.

Bank furnished information of a bankruptcy in the payment history for the month of May 2022. TD Bank did not furnish information to the credit bureaus that the account was included in bankruptcy. TD Bank reported that the balance of the account was $1,020 as of April 20, 2022, notwithstanding the bankruptcy." (DN 1-1, at ¶ 26).

TD Bank's conduct, according to Plaintiff, constituted willful and negligent violations of the FCRA. (*Id.* at ¶¶ 91-93, 96-97). Plaintiff claimed TD Bank failed to conduct investigations with respect to disputed information, by failing to review all relevant information provided by the consumer reporting agency concerning the Plaintiff, and by failing to modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information relating to Plaintiff to consumer report agencies. (*Id.*).

In July 2023, TD Bank served its initial disclosures on Plaintiff, which included production of 157 pages of account records. (*See* DN 74-2). TD Bank also served interrogatories, a request for production, and requests for admission on Plaintiff to discover the factual basis for her allegations regarding TD Bank's credit reporting. Plaintiff responded in September 2023 and produced nine consumer reports reflecting TD Bank's tradeline for her account. (DN 74-5). TD Bank felt Plaintiff's discovery responses were vague, unspecific, and nonresponsive. Plaintiff never sought any discovery from TD Bank. (*See* DN 72, at PageID # 354–57). Plaintiff made a settlement demand to TD Bank in March 2024. (DN 74-6). TD Bank responded in a lengthy email, describing why Plaintiff's claims against TD Bank had no basis, and offering to waive any claim for fees and costs in the action if Plaintiff dismissed the claims against TD Bank with prejudice. (*Id.*). Plaintiff then asked TD Bank for additional data and documents and asked what TD Bank's fees and costs were to date. (*Id.*). TD Bank responded with the requested information and indicated its fees were about $21,000. (*Id.*).

One month later, Plaintiff responded: "I've reviewed the emails and materials you provided and based on the representations, we will agree to dismiss TD Bank. Apparently one of the credit reporting agencies had reported bankruptcy in the pay history, but I don't see that TD Bank furnished that information. I will get an agreed order to you shortly." (DN 74-7). When TD Bank did not hear from Plaintiff for another two weeks, it emailed a draft stipulation for dismissal and proposed order. (*Id.*). After another two weeks of no response, TD Bank sent a follow up email. (*Id.*). Plaintiff then responded: "the dismissal should be without prejudice. Let me know if that works. If not, I can get a motion filed." (*Id.*). TD Bank rejected a dismissal without prejudice, highlighting that Plaintiff's prior messages never mentioned the dismissal being without prejudice and indicating it would oppose such a motion, move for summary judgment, and seek costs and fees. (*Id.*). Plaintiff maintained its position that the dismissal should be without prejudice despite indicating that Plaintiff did not want to pursue the claim against TD Bank "given the tradeline is not currently on her report." (*Id.*).

3

Plaintiff then filed a Motion to Voluntarily Dismiss Claims against Defendant TD Bank without prejudice. (DN 56). TD Bank opposed the Motion, arguing that because it has spent tens of thousands of dollars defending the case and Plaintiff has been unable to substantiate her claims against TD Bank in discovery, dismissal with prejudice was necessary. (DN 57). Granting a dismissal without prejudice, TD Bank explained, would leave Plaintiff with another bite at the apple. (*Id.*). Plaintiff replied that dismissing the claims without prejudice serves the interest of justice and fairness because Plaintiff could "potentially refile her claims should new evidence become available, such as the reappearance of errors report[ed] by TD Bank to the credit reporting agencies." (DN 64). Plaintiff's reply, however, indicated she would accept a dismissal with prejudice if the Court deemed it proper but asked the Court to include a provision that she shall not be barred from pursuing a claim against TD Bank if the errors should reappear in her credit file. (*Id.*). The District Judge dismissed Plaintiff's claims with prejudice. (DN 69). In doing so, the District Judge recognized Plaintiff's request to keep her rights to further claims intact. (*Id.*). TD Bank then filed the instant Motion for Attorney's Fees. (DN 72).

(D.N. 89, PageID.552–56)

In its motion for fees, TD Bank asserts three separate grounds for relief. (*See generally* D.N. 72) As explained by Judge Edwards,

First, TD Bank asserts entitlement to fees under Federal Rule of Civil Procedure 37(c)(2) based on Plaintiff's failure to admit matters without good reason. (DN 72, at PageID # 365-68). TD Bank argues its requests for admission (RFAs) were of substantial importance, as they were "directed to every material factual and legal issue in this action," and Plaintiff had no reasonable ground for believing she might prevail on any of these matters because she had not "a shred of evidence to the contrary." (*Id.*). Next, TD Bank believes it is entitled to fees under 15 U.S.C. § 1681n(c) and 1681o(b) because Plaintiff's pleadings and other motion papers were filed in bad faith. (*Id.* at PageID # 368). TD Bank points to multiple false statements it believes Plaintiff made to the Court. (*Id.*). Lastly, TD Bank seeks fees pursuant to 28 U.S.C. § 1927, arguing that Plaintiff's counsel multiplied the proceedings unreasonably and vexatiously by continuing to litigate this case after learning that TD Bank had a valid defense and that his client had no evidence. (*Id.* at PageID # 369-71).

(D.N. 89, PageID.556) Middleton-Ashford opposes the motion. (D.N. 79)

Judge Edwards recommended that the motion be denied for several reasons. (*See* D.N. 89)

First, Judge Edwards concluded that fees are unavailable under Federal Rule of Civil Procedure

37(c)(2) because Middleton-Ashford's claims "never proceeded past discovery."[3] (*Id.*, PageID.558) In reaching that conclusion, Judge Edwards noted that TD Bank cited "no case law supporting that a plaintiff's voluntary dismissal before the close of discovery, with no dispositive motions being filed and no trial commencing, constitutes 'proving a matter to be true' as stated in Rule 37(c)(2)." (*Id.*, PageID.559) Second, Judge Edwards explained that fees under 15 U.S.C. §§ 1681n(c) and 1681o(b) are inappropriate because TD Bank provided no evidence "to demonstrate that Plaintiff *herself* acted in bad faith or that she was even aware of her attorney's actions." (*Id.*, PageID.561–62) Finally, Judge Edwards concluded that sanctions under 28 U.S.C. § 1927 are unwarranted because Middleton-Ashford's "filing of this lawsuit . . . was not frivolous," Middleton-Ashford "did not act unreasonably in denying Defendant's RFA's," and Middleton-Ashford's "counsel did not act frivolously or vexatiously in advocating for a voluntary dismissal without prejudice." (*Id.*, PageID.564–65) TD Bank now objects to Judge Edwards's Report and Recommendation. (D.N. 90)

## II.    ANALYSIS

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[3] Judge Edwards also noted that Middleton-Ashford seemingly had "reasonable ground to believe she [would] prevail" when denying TD Bank's RFAs (D.N. 89, PageID.560), and that "TD Bank would have offered its account records as proof regardless of Plaintiff's denial." (*Id.*, PageID.561)

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court will review

de novo the portions of the Report and Recommendation to which TD Bank objects.[4]

A.    **Rule 37(c)(2)**

Under Federal Rule of Civil Procedure 36, a party may serve on any other party a request

to admit the truth of any discoverable fact.  *See* Fed. R. Civ. P. 36(a)(1).  Rule 37(c)(2) is "the

enforcement mechanism" for Rule 36, and provides that

> [i]f a party fails to admit what is requested under Rule 36 and if the requesting party
> later proves . . . the matter true, the requesting party may move that the party who
> failed to admit pay the reasonable expenses, including attorney's fees, incurred in
> making that proof.

*McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 491 (6th Cir. 2014) (quoting Fed. R. Civ. P.

37(c)(2)).  If Rule 37(c)(2) is applicable, the Court generally "must" award sanctions.  *See* Fed. R.

Civ. P. 37(c)(2); *see also Petro v. Jones,* No. 11-151-GFVT, 2014 WL 970113, at *3 (E.D. Ky.

Mar. 12, 2014).  Still, sanctions are improper when one of the rule's "safe harbor[s]" is satisfied,

*see Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1076 (6th Cir. 2014),

namely when

> (A) the request was held objectionable under Rule 36(a); (B) the admission sought
> was of no substantial importance; (C) the party failing to admit had a reasonable
> ground to believe that it might prevail on the matter; or (D) there was other good
> reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).  Sanctions are also inappropriate "where the denied admission is proven

with evidence that the requesting party would have offered regardless of the denial."  *Berry v. Off.*

*of the Fayette Cnty. Sheriff*, No. 5:14-356-DCR, 2015 WL 3916126, at *3 (E.D. Ky. June 25, 2015)

(citing *McHugh v. Olympia Ent., Inc.*, 37 F. App'x 730, 743 (6th Cir. 2002)).

---

[4] TD Bank does not object to Judge Edwards's conclusion regarding the availability of fees under
15 U.S.C. §§ 1681n(c) and 1681o(b).  (*See generally* D.N. 90)  As a result, the Court need not
reach that issue.  *See Thomas*, 474 U.S. at 150.

In the typical scenario, sanctions are awarded under Rule 37(c)(2) "when one party refuses to admit a fact and the other party is compelled to prove the truth of that fact to the jury." *McCarthy*, 763 F.3d at 491; *see also Berry,* 2015 WL 3916126, at *1. Still, "nothing in the language of the rule prevents a party from obtaining sanctions when an opposing party initially refuses to admit a fact but later concedes its truth." *McCarthy*, 763 F.3d at 491 (citation omitted). Even under those circumstances, however, courts in this district have generally only awarded Rule 37(c)(2) sanctions when the requesting party ultimately engaged in substantial litigation activity, such as extensive discovery and the filing of dispositive motions, to prove the matter in question. *See, e.g.*, *id.* (awarding sanctions after the plaintiff established the relevant facts by subpoenaing records and deposing witnesses, and after the case was decided on summary judgment in the plaintiff's favor).

Here, the relevant "matter[s] in question" involve Middleton-Ashford's responses to TD Bank's requests for admission, which, according to TD Bank, were "directed to every material factual and legal issue in this action." (D.N. 72, PageID.365) TD Bank asserts that Middleton-Ashford could have answered the majority of these requests with "the account records that TD had produced in July 2023," but instead denied them based on a purported lack of information. (*See id.*, PageID.365–66) With respect to Rule 37(c)(2)'s threshold requirement, TD Bank argues that Middleton-Ashford conceded the impropriety of her refusal to answer these requests. (*See id.*, PageID.367–68) Specifically, TD Bank points to an email wherein Middleton-Ashford's counsel stated, "Apparently one of the credit reporting agencies had reported a bankruptcy in the pay history, but I don't see that TD Bank furnished that information." (*Id.*, PageID.368; *see also* D.N. 74-7, PageID.442)

TD Bank raises several objections to Judge Edwards's recommendation with respect to Rule 37(c)(2). TD Bank argues that in recommending the denial of sanctions, Judge Edwards erroneously relied on Middleton-Ashford's unsupported assertion that "[i]n December of 2023, Experian corrected the errors from its reporting of Plaintiff's TD Bank account." (D.N. 90, PageID.571 (quotation omitted)) TD Bank contends that this "error" affected Judge Edwards's analysis regarding Rule 37(c)(2)'s safe-harbor provisions. (*See id.*, PageID.578–79) TD Bank also asserts that the recommendation "misreads" certain cases relevant to Rule 37(c)(2)'s safe harbors. (*See id.*, PageID.579–80)

Ultimately, the Court will overrule TD Bank's objections. TD Bank objects only to Judge Edwards's analysis regarding the rule's safe-harbor provisions. (D.N. 90, PageID.571–72, 578–80) TD Bank did not object to Judge Edwards's conclusion regarding the threshold requirement that TD Bank "prove . . . the matter true," *see* Fed. R. Civ. P. 37(c)(2). (*See generally* D.N. 90) Specifically, Judge Edwards explained that Rule 37(c)(2) was inapplicable because Middleton-Ashford's claims "never proceeded past discovery," "TD Bank did not file a dispositive motion, and the case did not go to trial." (*See* D.N. 89, PageID.558–60) TD Bank makes no argument on this point, and cites no authority suggesting that Judge Edwards's analysis was improper.[5] (*Id.*) For this reason, the Court need not review Judge Edwards's recommendation on this issue, *see Thomas*, 474 U.S. at 150, and can overrule TD Bank's objection without further analysis. *See McCarthy*, 763 F.3d at 491; *see also* Fed. R. Civ. P. 37(c)(2).

---

[5] As Judge Edwards observed, TD Bank cites "no case law supporting that a plaintiff's voluntary dismissal before the close of discovery, with no dispositive motions being filed and no trial commencing, constitutes proving a matter to be true[] as stated in Rule 37(c)(2)." (D.N. 89, PageID.559 (internal quotation omitted)).

**B.**      **28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *9 (6th Cir. Aug. 24, 2021) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996)). "Something more than negligence but less than bad faith is required: 'an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings.'" *Id.* (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)).

"An award of sanctions under § 1927 is highly discretionary." *Marrero-Perez v. Yanfeng US Auto. Interior Sys. II LLC*, No. 3:21-CV-645-RGJ, 2024 WL 5239457, at *8 (W.D. Ky. Dec. 27, 2024) (citing *Holmes*, 78 F.3d at 1049). But courts widely recognize that "punishment under § 1927 should be sparingly applied, and an award of attorneys' fees must be limited to truly egregious cases of misconduct." *Id.* at 9; *see also Ky. Peerless Distilling Co. v. Fetzer Vineyards Corp.*, No. 3:22-CV-037-CHB, 2023 WL 2160851, at *8 (W.D. Ky. Feb. 22, 2023) (explaining that "an award of attorney fees under § 1927 is an extreme sanction" (internal quotation omitted)). An unnecessary award of fees "might ultimately deter zealous advocacy, rather than serve the purpose of Section 1927, which is 'to curb dilatory litigation practices and intentional abuses of

the judicial process.'" *Ky. Peerless*, 2023 WL 2160851, at *9 (quoting *We Project, Inc. v. Relavistic, LLC*, No. 1:20-CV-2873, 2021 WL 3081366, at *1 (N.D. Ohio July 21, 2021)).

TD Bank objects to Judge Edwards's § 1927 analysis in several respects. First, as with its Rule 37(c)(2) objection, TD Bank contends that Judge Edwards improperly relied on Middleton-Ashford's assertion that "[i]n December of 2023, Experian corrected the errors from its reporting of Plaintiff's TD Bank account." (D.N. 90, PageID.571–74) TD Bank also claims that the recommendation "erroneously dismisses several other false statements" made by Middleton-Ashford. (*Id.*, PageID.576–77) Moreover, according to TD Bank, "[e]very time that [it] debunked one claim as lacking evidentiary support, [Middleton-Ashford's attorney] would pop back up with another, equally deficient claim," and such "tactics fall squarely within the scope of" § 1927. (*Id.*, PageID.577–78) Finally, TD Bank argues that the recommendation "erroneously mischaracterizes" Middleton-Ashford's argument for dismissal without prejudice. (*Id.*, PageID.581–82) Specifically, TD Bank asserts that Middleton-Ashford's attorney made "spurious" arguments in support of dismissal without prejudice, which amounted to "a shakedown" and not "valid advocacy for his client." (*Id.*, PageID.582 (internal quotation omitted))

Having carefully reviewed the record, the Court is not convinced that this is one of those "extreme" cases in which § 1927 sanctions are warranted. *See Ky. Peerless*, 2023 WL 2160851, at *8. The majority of the "false statements" cited by TD Bank fall within the bounds of acceptable advocacy. (*See* D.N. 72, PageID.362 (challenging counsel's statement that there was "clear liability on TD's part"); *id.* (arguing that counsel's representation of TD Bank's April 2022 charge-off as "false" was improper because "TD complied with" "federal regulatory policy"); *id.*, PageID.361 (casting counsel's statement that TD's "reporting contained inaccuracies" as false because counsel "never identifie[d] those inaccuracies" and because TD Bank "accurately reported

10

Ms. Middleton-Ashford's account").  Courts generally require much greater misconduct to warrant the imposition of § 1927 sanctions.  *See, e.g.*, *Scott v. Fanatics Retail Grp. Fulfillment, LLC*, No. 3:24-CV-90-DJH, 2024 WL 4282320, at *1–2 (W.D. Ky. Sept. 24, 2024) (imposing sanctions based on counsel's "repeated disregard of the Court's prior rulings"); *McDonald v. DNA Diagnostics Ctr., Inc.*, No. 3:20-CV-391-CRS, 2021 WL 3710734, at *7–9 (W.D. Ky. Aug. 20, 2021) (counsel filed two "weak and . . . unsuccessful" motions to amend, and then filed a third motion to amend asserting claims that "defie[d] all logic and common sense").  To the extent that Middleton-Ashford's counsel made arguments and assertions that turned out to be incorrect, the Court is satisfied that there was no "truly egregious . . . misconduct" so as to justify § 1927 sanctions here, especially in light of Middleton-Ashford's voluntary dismissal of her claims (*see* D.N. 69).  *See Marrero-Perez*, 2024 WL 5239457, at *9.  Indeed, "[m]erely because [Middleton-Ashford] did not ultimately prevail does not mean that the lawsuit necessarily was unreasonable or without adequate factual or legal foundation from its inception."[6]  *See IB Agric., Inc. v. Monty's Plant Food Co.*, No. 3:12-CV-271-CRS, 2015 WL 13547531, at *5 (W.D. Ky. Mar. 24, 2015) (citation omitted).  Finally, the Court agrees with Judge Edwards that "Plaintiff's counsel did not act frivolously or vexatiously in advocating for a voluntary dismissal without prejudice."  (D.N. 89, PageID.565)

---

[6] The Court observes that TD Bank did not seek dismissal of Middleton-Ashford's claims at the pleading stage, which "suggests that Defendant did not consider the . . . claims so devoid of merit that they could not survive an early motion to dismiss."  *See Monty's Plant Food*, 2015 WL 13547531, at *5.

## III.    CONCLUSION

For the reasons set out above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    TD Bank's objections to Judge Edwards's Report and Recommendation (D.N. 90) are **OVERRULED**.

(2)    Judge Edwards's Report and Recommendation (D.N. 89) is **ADOPTED** in full and **INCORPORATED** by reference herein.

(3)    TD Bank's motion for attorney fees (D.N. 72) is **DENIED**.

(4)    All claims having been resolved (*see* D.N. 24; D.N. 41; D.N. 47; D.N. 67; D.N. 69; D.N 84; D.N. 85; D.N. 87), this matter is **CLOSED** and **STRICKEN** from the Court's active docket.

August 27, 2025

**David J. Hale, Judge**
**United States District Court**